UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL J. TERREBONNE (#478981)

VERSUS                                           CIVIL ACTION

APACHE, ET AL                                    NUMBER 13-463-JJB-SCR

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, August 27, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL J. TERREBONNE (#478981)

VERSUS                                                    CIVIL ACTION

APACHE, ET AL                                             NUMBER 13-463-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action presumably pursuant to 42 U.S.C. § 1983 against Apache, LA Workforce, LL&G, Fluid Crane, Wild Well Companies, Elayn Hunt Correctional Center ("HCC") and R.E. Barrow Treatment Center. Plaintiff alleged that on August 19, 2012, he was injured while working on a barge and was denied adequate medical treatment following the incident. Specifically, the plaintiff alleged that in August 2012 he was participating in a work release program and was assigned to duties on a barge. Plaintiff alleged that while operating a tugger on the back deck of the barge a large water funnel hit the barge and threw him against the railing and safety cable. Plaintiff alleged that although he was injured he did not report the accident to the safety officer because he feared he would be sent back to the prison. Plaintiff alleged that after experiencing pain for two days he reported the incident to the medic and the safety officer.

Plaintiff alleged that on August 26, 2012, the entire crew was

evacuated from the barge due to an incoming storm. Plaintiff alleged that when he arrived at Louisiana Workforce located in New Iberia, Louisiana, he notified the medic at the facility and his boss at Fluid Crane that he had been injured on the barge. Plaintiff alleged that he did not receive any additional medical treatment until September 14, 2012, when he was transported to Iberia Comprehensive Community Center. Plaintiff alleged that he was examined there by a doctor who told him he needed emergency treatment and ordered a CT Scan and MRI. Plaintiff alleged that on September 17, 2012, Louisiana Workforce officials transported him to a hospital emergency room where a CT Scan was taken.

Plaintiff alleged that on September 18, 2012, he was taken to HCC where he was treated by Dr. Rabin for two months. Plaintiff alleged that on October 29, 2012, he was transferred to LSP where he was examined by Dr. Toce. Plaintiff alleged that he was told that he has been scheduled to be examined by a neurologist but he has not yet received proper medical treatment.

## I. Applicable Law and Analysis

### A. Frivolous Standard

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff named Elayn Hunt Correctional Center and R.E. Barrow Treatment Center as defendants.  Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state.  *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law.  *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*.  Thus, absent consent by the state or congressional action, a state is immune from a suit for damages.  Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action.

3

The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

### B. Subject Matter Jurisdiction

Plaintiff filed this complaint on forms specifically intended for suits pursuant to 42 U.S.C. § 1983. However, the complaint does not allege any facts which, if true, would provide a basis for federal question jurisdiction under 28 U.S.C. §§ 1331 and 1334. As to defendants Apache, LA Workforce, LL&G, Fluid Crane, and Wild Well Companies, the plaintiff asserted state law negligence claims against these defendants.

Additionally, this court lacks diversity jurisdiction under 28 U.S.C. § 1332. District courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states. For purpose of subject matter jurisdiction, the court generally looks to the complaint itself to determine what amount is in controversy. *Horton v. Liberty Mutual Insurance Company*, 367 U.S. 348, 81 S.Ct. 1570, *rehearing denied*, 368 U.S. 870, 82 S.Ct. 24 (1961). The facts alleged in the complaint do not support finding that the required amount in controversy is present. Furthermore, it is clear from a review of

the complaint that there is not complete diversity of citizenship between the plaintiff and these defendants.

**C. Supplemental Jurisdiction**

It is not clear that the plaintiff sought to invoke the supplemental jurisdiction of this court, but for the purpose of this report the court will assume that he did.  District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons.  28 U.S.C. § 1367.

The court does not have diversity jurisdiction.  The only two defendants which would be state actors under § 1983 have Eleventh Amendment immunity.  In these circumstance, the court should decline to exercise supplemental jurisdiction over the plaintiff's state law negligence claims against Apache, LA Workforce, LL&G, Fluid Crane, and Wild Well Companies.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915, without prejudice to any state law claims, and without leave to amend because there is no conceivable, non-frivolous claim he could

assert against these defendants which would be both consistent with the facts alleged in his complaint and which would support federal question or diversity jurisdiction.

Baton Rouge, Louisiana, August 27, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE